UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MALIBU MEDIA, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE subscriber assigned IP address 72.68.66.99, <br><br> Defendant. | Civil Action No. 14-5333 (FSH) |

### ORDER ON MOTION FOR LEAVE TO SERVE
### THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

**THIS MATTER** comes before the Court by way of Plaintiff's Unopposed Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (Dkt. No. 5), and the Court having considered Plaintiff's submissions, and for good cause shown,

**IT IS** on this **23rd** day of **September, ORDERED THAT:**

1. Plaintiff may serve Verizon FiOS (hereinafter the "ISP") with a Rule 45 subpoena commanding the ISP to provide Plaintiff with **only** the name and address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint. Under no circumstances is Plaintiff permitted to seek or obtain that subscriber's telephone number or email address.[1]

---

[1] This ruling is consistent with the decisions of other courts within this District. *See Malibu Media, LLC v. Does 1-11*, No. 12-7615 (CCC) (JAD), 2013 U.S. Dist. LEXIS 26217 (D.N.J. Feb. 26, 2013) (limiting scope of a pre-Rule 26(f) conference subpoena to a subscriber's name and address); *Malibu Media, LLC v. Doe*, No. 14-3856 (JLL) (JAD), slip. op., Dkt. No. 7, at 4 (D.N.J. Sept. 4, 2014) (same); *Malibu Media, LLC v. Doe*, No. 13-4660 (JAP) (DEA), slip op., Dkt. No. 5, at 2 (D.N.J. Aug. 19, 2013) (same); *Malibu Media, LLC v. John Does 1-18*, No. 12-7643 (NLH) (AMD), No. 12-7643, 2013 U.S. Dist. LEXIS 155911 (D.N.J. Mar. 22, 2013) (restricting the scope of a pre-Rule 26(f) conference subpoena by not permitting discovery of the internet subscriber's telephone number or e-mail addresses); *Voltage Pictures v. Doe*, No. 12-6885 (RMB) (JS), No.

2. Plaintiff shall attach a copy of this Order to the subpoena.

3. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP in this litigation for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

4. Plaintiff shall be prepared to provide copies of the responsive information to any defendant who enters an appearance in this case.[2]

5. All other aspects of Plaintiff's motion are denied.

                                                                                      s/ James B. Clark, III
                                                                                      **JAMES B. CLARK, III**
                                                                                       **United States Magistrate Judge**

---

12-6885, 2013 U.S. Dist. LEXIS 155356, at *9-10 (D.N.J. May 31, 2013) (granting leave to serve subpoena requesting *only* the name, address and media control address associated with a particular IP address).

[2] If Plaintiff seeks leave to file an Amended Complaint naming a specific defendant, then it shall ensure that it has a factual basis for the assertion that the proposed defendant engaged in the alleged infringement. By permitting this discovery, the Court is not finding that Plaintiff may rely solely on the subscriber's affiliation with the IP address in question as the basis for its claims.